## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

JOHN T. VIARS,

          Plaintiff,

v.                              CIVIL ACTION NO.   5:15-cv-15410

GREENBRIER MINERALS, LLC,
and NATHAN BRADA,

          Defendants.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant Nathan Brada's Motion to Dismiss for Failure to Timely Serve* (Document 18), and the *Plaintiff's Response to Defendant Nathan Brada's Motion to Dismiss* (Document 19).   For the reasons stated herein, the Court finds that the motion should be granted.

### PROCEDURAL HISTORY

The Plaintiff initiated this case with the filing of a *Complaint* (Document 1-1) in the Circuit Court of Wyoming County, West Virginia, on September 8, 2015.   The Plaintiff, a former coal miner, brought various federal and state law claims against the corporate Defendant, Greenbrier Minerals, LLC, and against the individual Defendant, Nathan Brada.   At the time of the events alleged in the *Complaint*, Brada was a mine superintendent employed by Greenbrier Minerals, with supervisory authority over the Plaintiff.   On October 23, 2015, Greenbrier Minerals was

served with the Plaintiff's Complaint, and service was returned to the Circuit Court of Wyoming County on November 6, 2015.

On November 20, 2015, the Defendants removed the case to this Court, based on federal question and supplemental jurisdiction.   At that time, Brada had not been served with the Plaintiff's *Complaint*.   On April 21, 2016, the Defendants moved to dismiss all claims against Brada under Federal Rule of Civil Procedure 4(m), for failure to perfect timely service.   The Plaintiff filed his response on May 7, 2016.   The Defendants' motion is ripe for review.

## DISCUSSION

The version of Federal Rule of Civil Procedure 4(m) in effect at the time this case was filed required a federal district court, either on its own initiative or upon motion of a defendant, to dismiss without prejudice all claims against any defendant who was not "served within 120 days after the complaint is filed."   Fed. R. Civ. P. 4(m).[1]   Where a case is removed from a state court to a federal district court, and one of the defendants was not served with process prior to removal, 28 U.S.C. §1448 states that "such service or process may be completed or new service issued in the same manner" as in any case originally filed in a federal district court.   28 U.S.C. §1448.

Federal courts have no authority over service of process in any case prior to removal. However, the filing of a notice of removal severs the authority of state courts over service of process, and brings the case under the Federal Rules of Civil Procedure.   Taken together, Rule 4(m) and Section 1448 "combine to give a plaintiff 'a 120 day period following filing of a notice

---

[1]  As the Defendants note in their briefing, at the time this case was filed, Rule 4(m) required perfection of service within 120 days of the filing of a complaint.   The rule was subsequently amended on December 1, 2015, to require service within 90 days.   Because the Plaintiff's case was filed in the West Virginia state courts prior to December 1, 2015, the Court will apply the 120-day service period to this case.   *See Aliff v. W.Va. Reg'l Jail & Corr. Facility Auth.*, 2016 U.S. Dist. LEXIS 6617, at *3 (S.D.W.Va. Jan. 20, 2016) (Johnston, J.)

of removal in which service may be completed or started anew.'" *Aliff*, 2016 U.S. Dist. LEXIS 6617, at *3, quoting *Lawrence v. Hanson*, 197 F.Supp. 1340, 1376 (N.D. Ill. 1992); also citing 14A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1137, at 83 n. 1.1 (Supp. 1998).   Thus, if a plaintiff has failed to perfect service on a Defendant prior to the filing of a notice of removal, removal gives the plaintiff an additional 120 days to perfect service in accordance with the applicable Federal Rules of Civil Procedure.   *Id.*

Rule 4(m) also requires the Court, upon a showing by the plaintiff of "good cause for the failure" to serve a defendant, to "extend the time of service for an appropriate period."   Fed. R. Civ. P. 4(m).   Before a district court dismisses a complaint under Rule 4(m), the plaintiff must be given the "opportunity to show good cause for the failure to serve."   *Barkley v. Maryland*, 618 Fed. Appx. 182 (Mem) (4th Cir. Oct. 14, 2015) (unpublished).   Good cause is a legal term of art, and as such, is generally given its "established meaning in the legal context."   *Robinson v. G D C, Inc., et. al*, 2016 WL 3461285, at *1 (E.D.Va. June 21, 2016) (Ellis, J.), citing *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 342 (1991).   Thus, in the context of Rule 4(m), good cause "refers to a legally sufficient ground or reason based on *all* relevant circumstances."   *Id.*, citing *Madden v. Texas*, 498 U.S. 1301, 1305 (1991) (emphasis in original) (other citations omitted).   Courts have identified "multiple factors" for the good cause inquiry, including:

> (i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's *pro se* status, (vii) any prejudice to the plaintiff, such as by operation of a statute of limitation that may bar refiling, and (viii) whether time has previously been extended.

*Id.*, citing *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 959 (8th Cir. 2010); *Newby v. Enron Corp.*, 284 Fed.Appx. 146, 149-51 (5th Cir. 2008); *Carter v. Keystone*, 278 Fed.Appx. 141, 142 (3d. Cir. 2008); *Melton v. Wiley*, 262 Fed.Appx. 921, 924 (11th Cir. 2008).

In situations where the 120-day period has expired, and the plaintiff requests additional time, the Fourth Circuit has read the "good cause" requirement of Rule 4(m) alongside Rule 6(b)(1)(B), which specifies that where an "act may or must be done within a specified time, the court may, for good cause, extend the time … on motion after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Martinez v. United States*, 578 Fed.Appx. 192, 194 (4th Cir. 2014) (allegations of ECF difficulties insufficient to show excusable neglect). Excusable neglect in the context of Rule 6(b)(1)(B) is "not easily demonstrated," and the failure of a party to "act with diligence" is insufficient to meet the standard. *Martinez*, 578 Fed.Appx. at 194, quoting *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996); *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 413 (4th Cir. 2010).

Here, to establish good cause for failure to serve, Plaintiff's counsel accepts responsibility for the oversight, but claims that "in his experience," where claims are made against a corporate defendant and an individual employee, the "corporate defendant answers the Complaint on behalf of both the company and the individual defendant." (Pl.'s Response, at 1.) Plaintiff's counsel acknowledges that Greenbrier Minerals did not answer on behalf of Defendant Brada, and indicates that he "did not realize this" until the present motion was filed. *Id.* Counsel further indicates that the parties were "in discussions regarding a request by defense counsel to voluntarily dismiss" Defendant Brada, but that these discussions were not finalized prior to the filing of the

4

instant motion.   *Id*. at 1-2.   Thus, counsel requests an extension of thirty (30) days to perfect service on Defendant Brada.

Applying the applicable factors, it is clear that the Plaintiff cannot show good cause under Rule 4(m).   The Court is unaware of any actual prejudice to Defendant Brada which would affect his defense to the claims raised in the complaint.   However, this case began more than a year ago, and at the time the present motion was filed, the Plaintiff had waited nearly six months to perfect service on Defendant Brada.   The Plaintiff provides no justification for the delay beyond his own view of the customs of law practice, which he admits were not followed by the corporate defendant in this case.   There is no dispute that the Plaintiff had the ability to serve process on Defendant Brada, and simply did not do so.   Further, he did not seek an extension prior to the expiration of the 120-day window.   There are no questions regarding the Plaintiff's good faith, but this is not dispositive, and in this case, the absence of bad faith does little to bolster the Plaintiff's position. Finally, the Plaintiff would not be prejudiced by dismissal, as the Plaintiff admits that he would be able to re-file against Defendant Brada within the statutes of limitation applicable to each of the claims raised in the *Complaint*.   (*Id*. at 2.)

Because the Plaintiff cannot show good cause, the Court is not required under Rule 4(m) to grant the Plaintiff an extension to perfect service upon Defendant Brada.[2]   Further, for the same reasons set forth in the Court's analysis of good cause, the Plaintiff has not demonstrated

---

[2] *Robinson* directly addresses the question of whether Rule 4(m) vests a district court with discretion to extend a party's time to perfect service of process, regardless of whether good cause is shown.   The version of Rule 4(m) in effect at the time this case was filed clearly establishes that if a party shows good cause, the district court "must" grant an extension. Fed. R. Civ. P. 4(m).   However, Judge Ellis points out in *Robinson* that in light of the Fourth Circuit's holding in *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995), there is considerable confusion as to whether a district court in the Fourth Circuit may grant an extension absent a showing of good cause.   *Robinso*n, 2016 WL 3461285, at *3.   It is not necessary to address this issue because, given the circumstances presented in this case, even if the Court were vested with discretion to grant an extension under Rule 4(m), the Court would decline the opportunity to do so.

"excusable neglect," and, therefore, is not entitled to an extension of time to perfect service under Rule 6(b)(1)(B).   Although the Plaintiff argues that "judicial economy" will be served by granting an extension, the Court finds, in light of the lengthy delay in this case and the analysis of the relevant factors, justice is best served by dismissing all claims against Defendant Brada.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Defendant Nathan Brada's Motion to Dismiss for Failure to Timely Serve* (Document 18) be **GRANTED**, and that all claims against Defendant Nathan Brada be **DISMISSED WITHOUT PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    September 12, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

6